# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO.: 15-cv-22855-KMW

**MAX JOSEPH,**
and other similarly situated individuals,

        Plaintiff(s),

**v.**

**POTEMKIN RESTAURANT, L.L.C.,**
**d/b/a IKRA RESTAURANT,**
a Florida Limited Liability Company,
**ROMAN GUREVICH,** individually,
**VALERII MATSIICHUK,** individually,
**IKRA HOSPITALITY GROUP, LLC,**
a Florida Limited Liability Company,
**ALEXANDER LOTOVSKY,** individually,
and **DANIEL ESTRIN,** individually,

        Defendants.

_____/

## FIRST AMENDED COMPLAINT

Plaintiff MAX JOSEPH, by and through the undersigned counsel, hereby sues Defendants, POTEMKIN RESTAURANT, L.L.C., d/b/a IKRA RESTAURANT, a Florida Limited Liability Company, ROMAN GUREVICH, individually, VALERII MATSIICHUK, individually, and IKRA HOSPITALITY GROUP, LLC, a Florida Limited Liability Company, ALEXANDER LOTOVSKY, individually, and DANIEL ESTRIN, individually, collectively ("Defendants"), and in support thereof avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, a resident Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, POTEMKIN RESTAURANT, L.L.C., d/b/a IKRA RESTAURANT, a Florida Limited Liability Company, having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, ROMAN GUREVICH, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, POTEMKIN RESTAURANT, L.L.C., d/b/a IKRA RESTAURANT.

6. Defendant, VALERII MATSIICHUK, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, POTEMKIN RESTAURANT, L.L.C., d/b/a IKRA RESTAURANT.

7. Defendant, IKRA HOSPITALITY GROUP, LLC, a Florida Limited Liability Company, having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

8. Defendant, ALEXANDER LOTOVSKY, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, IKRA HOSPITALITY GROUP, LLC.

9. Defendant, DANIEL ESTRIN, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, IKRA HOSPITALITY GROUP, LLC.

10. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

11. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

12. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff performed work for Defendants as a non-exempt employee from on or about August 2014, through on or about April 13, 2015.

14. In August of 2014 Defendants hired Plaintiff to help in the modeling of Defendants facilities before Defendants officially opened their restaurant location.

15. Defendants then offered plaintiff employment as a busser once the restaurant that officially opened.

16. Plaintiff worked alongside other employees as a busser and performed duties such as cleaning tables, cleaning chairs, and setting up tables.

17. Plaintiff employed other bussers which held similar responsibilities as Plaintiff.

18. Plaintiff during his employment with Defendants complained about not receiving tips as stated on his paystub to General Manager Eller however Defendants did not remedy the situation.

19.     Plaintiff during his employment with Defendant complained about his unpaid overtime to General Manager Eller however Defendants did not remedy the situation.

20.     Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week, and was paid an hourly wage of $8.00.

21.     Plaintiff was not paid the proper minimum wage rate as proscribed by the laws of the United States and the State of Florida.

22.     Plaintiff, during the relevant time period, from on or about August 2014, through on or about December 31, 2014, worked approximately sixty (60) hours weekly but was only compensated for an average of thirty six (36) hours. Plaintiff is owed minimum wage for approximately four (4) regular hours which went completely unpaid. As such, Plaintiff is owed approximately $697.84 ($7.93 applicable minimum wage x 4 regular hours x 22 weeks) in unpaid minimum wages.

23.     Plaintiff, during the relevant time period, from on or about January 1, 2015, through on or about April 13, 2015, worked approximately sixty (60) hours weekly but was only compensated for an average of thirty six (36) hours. Plaintiff is owed minimum wage for approximately four (4) regular hours which went completely unpaid. As such, Plaintiff is owed approximately $450.80 ($8.05 applicable minimum wage x 4 regular hours x 14 weeks) in unpaid minimum wages.

24.     Plaintiff, during relevant time period, from on or about January 1, 2015, through on or about April 13, 2015, was paid an hourly rate of $8.00 although the legal minimum wage rate is $8.05. As such, client is owed approximately $25.20 in unpaid minimum wages ($0.05 owed minimum wage x 36 hours x 14 weeks) for this subjective year.

25.     Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

26. From on or about August 2014, through on or about December 31, 2014, Plaintiff worked approximately twenty (20) overtime hours each week for which he was not paid 1.5 times his regular rate as provided by the FLSA. As such, Plaintiff's overtime rate is $12.08 (1.5 x $8.00) per hour for his twenty (20) hours of overtime each week. As such, Plaintiff is owed approximately $5,280.00 ($12.00 overtime rate x 20 hours of overtime each week x 22 weeks) in unpaid overtime wages for this subjective year.

27. From on or about January 1, 2015, through on or about April 13, 2015, Plaintiff worked approximately twenty (20) overtime hours each week for which he was not paid 1.5 times his regular rate as provided by the FLSA. As such, Plaintiff's overtime rate is $12.08 (1.5 x $8.05) per hour for his twenty (20) hours of overtime each week. As such, Plaintiff is owed approximately $3,382.40 ($12.08 overtime rate x 20 hours of overtime each week x 14 weeks) in unpaid overtime wages for this subjective year.

28. Plaintiff is owed approximately $9,836.24 ($697.84 total unpaid minimum wage for 2014 + $476.00 total unpaid minimum wage for 2015 + $5,280.00 unpaid overtime wages for 2014 + $3,382.40 unpaid overtime wages for 2015)   in **unliquidated** overtime and minimum wages as well as an additional amount in **liquidated** damages, namely $19,672.48 in liquidated overtime and minimum wages.

## COUNT I
### *Wage & Hour Federal Statutory Violation against*
### *POTEMKIN RESTAURANT, L.L.C.,*
### *d/b/a IKRA RESTAURANT*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

30. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

31. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

32. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

33. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

34. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

35. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

36. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's

employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

37.   To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.   Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C.   Award Plaintiff an equal amount in double damages/liquidated damages;

D.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT II
***Wage & Hour Federal Statutory Violation against***
***ROMAN GUREVICH***

38.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

39.  At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, POTEMKIN RESTAURANT, L.L.C., d/b/a IKRA RESTAURANTJE-GO CORPORATION.

40.  Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

41.  Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

42.  Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT III
### *Wage & Hour Federal Statutory Violation against*
### *VALERII MATSIICHUK*

43.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

44.   At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, POTEMKIN RESTAURANT, L.L.C., d/b/a IKRA RESTAURANT.

45.   Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

46.   Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

47.   Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.   Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.   Award Plaintiff an equal amount in double damages/liquidated damages; and

D.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### Wage & Hour Federal Statutory Violation against
### IKRA HOSPITALITY GROUP, LLC

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

49. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

50. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

51. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

52. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

53. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

54. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

55. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

56. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

Award Plaintiff an equal amount in double damages/liquidated damages;

C. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

D. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### Wage & Hour Federal Statutory Violation against
### ALEXANDER LOTOVSKY

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

58. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, IKRA HOSPITALITY GROUP, LLC.

59. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

60. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

61. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid

overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### Wage & Hour Federal Statutory Violation against
### DANIEL ESTRIN

62.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

63.     At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, IKRA HOSPITALITY GROUP, LLC.

64.     Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

65.     Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

66.     Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VII
### *FMWA Violation against*
### *POTEMKIN RESTAURANT, L.L.C.,*
### *d/b/a IKRA RESTAURANT*

67.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

68.  This action is brought by Plaintiff and other similarly-situated individuals to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, and specifically under the provisions of Fla. Stat. § 448.110.

69.  Defendant business activities involve those to which the Florida Minimum Wage Law applies.

70.     Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire and/or from five (5) years from the date of the filing of this complaint. Florida's hourly minimum wage in 2010 was $7.25; in 2011 was $7.31; in 2012 was $7.67; in 2013 was $7.79; in 2014 was $7.93; and in 2015 is $8.05.

71.     Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VIII
*FMWA Violation against*
*ROMAN GUREVICH*

72.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

73.     At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, POTEMKIN RESTAURANT, L.L.C., d/b/a IKRA RESTAURANT.

74.     Defendant was an employer of Plaintiff within the meaning of the Florida Minimum

Wage Law.

75.     Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

76.     Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT IX
*FMWA Violation against*
*VALERII MATSIICHUK*

77. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

78. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, POTEMKIN RESTAURANT, L.L.C., d/b/a IKRA RESTAURANT.

79. Defendant was an employer of Plaintiff within the meaning of the Florida Minimum

Wage Law.

80.     Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

81.     Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT X
### *FMWA Violation against*
### *IKRA HOSPITALITY GROUP, LLC*

82.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

83.     This action is brought by Plaintiff and other similarly-situated individuals to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as

liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, and specifically under the provisions of Fla. Stat. § 448.110.

84. Defendant business activities involve those to which the Florida Minimum Wage Law applies.

85. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire and/or from five (5) years from the date of the filing of this complaint. Florida's hourly minimum wage in 2010 was $7.25; in 2011 was $7.31; in 2012 was $7.67; in 2013 was $7.79; in 2014 was $7.93; and in 2015 is $8.05.

86. Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT XI
*FMWA Violation against*
*ALEXANDER LOTOVSKY*

87. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

88. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, IKRA HOSPITALITY GROUP, LLC.

89. Defendant was an employer of Plaintiff within the meaning of the Florida Minimum Wage Law.

90. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

91. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT XII
### FMWA Violation against
### DANIEL ESTRIN

92.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

93.     At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, IKRA HOSPITALITY GROUP, LLC.

94.     Defendant was an employer of Plaintiff within the meaning of the Florida Minimum Wage Law.

95.     Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

96.     Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _10/8/15_____

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
Rainier Regueiro, Esq.
Florida Bar No. 0115578
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005